### MAYO *et al. vs.* McPHAUL.

There was no abuse of discretion in granting an injunction and appointing a receiver, on the terms prescribed in this case.

(*a.*) One who was damaging land being notified and ordered to produce his title papers thereto in a suit respecting the same, and failing so to do, the chancellor could properly conclude that he was a naked trespasser.

February 9, 1884.

Trespass. Damages. Injunction. Before Judge BOWER. Worth County. At Chambers. December 4, 1883.

McPhaul filed his bill to enjoin W. G. and J. T. Mayo from cutting or using the timber on certain lands, which, it was alleged, derived its chief and almost its whole value from the pine timber upon it, which was useful both for lumber and to produce turpentine. It was alleged that the defendants, who had no title, were cutting and "boxing" the trees for turpentine purposes, and gathering the crude turpentine therefrom; that this seriously damaged the trees and rendered them much more likely to be destroyed by wind or fire; and that defendants were insolvent. It was prayed that defendants be required to produce the chain of title under which they claimed.

The court ordered the defendants to produce the title papers called for in the bill. Defendants filed a disclaimer of title or possession of the lot in dispute. Complainant amended his bill by alleging that the original defendants had sold or pretended to sell the property to one Crawford Mayo, and he was made a party defendant, and served.

On the hearing, all these defendants answered, admitting the use of the property, but denying the title of the complainant, and asserting that the title was in the defendant called in the bill Crawford Mayo, and in the answer S. C. Mayo. They denied insolvency and the amount of damages alleged in the bill, and asserted that the two original

defendants had sold their interests to S. C. Mayo before he filing of the bill. They did not produce their title papers, but alleged that they were in a safe at the residence of their deceased father, and that, by reason of the fact that the safe had got wet and had rusted, it could not be opened without the aid of some one who could remove the obstacles, without destroying the safe itself. The court granted the injunction and appointed a receiver, reciting in the order the refusal of the defendants to produce their chain of title. The judgment also provided that the injunction might be dissolved and the appointment of the receiver abrogated, upon the defendants giving a bond in the sum of $300.00 for the eventual condemnation money. Defendants excepted.

H. Morgan; W. E. Smith, for plaintiffs in error.

D. H. Pope; W. A. Harris, for defendant.

Jackson, Chief Justice.

We see no abuse of discretion in the grant of this injunction, on the terms prescribed. The defendant would not produce his title papers to the land, though notified and ordered by the chancellor so to do, under section 3510, and was thus in contempt, and a naked trespasser, as the chancellor had the right to conclude from his refusal to produce his deeds. The mischief and damage were alleged to be irreparable, and the value of the land actually being destroyed; but the chancellor allowed him to dissolve the injunction, on giving bond, in the sum of three hundred dollars, to pay the eventual condemnation money, if cast in the trial, which he also seems to decline. So that the order to place the property in the hands of the receiver and enjoin his interference until he gave the bond, appears reasonable and discreet.

Judgment affirmed.